Charles M. Simmons, OSB #02455
Stunz, Fonda, Kiyuna & Horton, LLP
40 South Oregon Street
Ontario, OR 97914                              FILED'08 JUN 25 12:59USDC-ORP
E-mail: cmsimmonsatty@yahoo.com
Telephone: (541) 881-0477
Facsimile: (541) 881-0479
          Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

ROBERT HADEN KING, JR.,                    CV'08 - 6195 · · TC

          Plaintiff                         Case No. _____

                                            COMPLAINT
     v.
                                            (Civil Rights)
JOE E. CAPPS, Inspector III, RON MYERS,
Hearings Officer, WADE SCROGHAM,
Hearings Administrator, RANDY EVERITT,
Investigations Administrator, K. STEVENS,
Mailroom Supervisor, T. HICKS, Grievance
Coordinator, J.R. SMITH, ASU Captain,
R. REAL, ASU Lieutenant, AL HANNON,
Security Manager, BILL DOMAN, Supervising
Executive Assistant, JAMIE MILLER,
Assistant Superintendent, MARK NOOTH,
Assistant Superintendent, STEVE FRANKE,
Assistant Superintendent of Security, JEAN
HILL, Superintendent, REBECCA
PRINSLOW, Inspector General, JOAN
PALMATEER, Administrator of Institutions,
STAN CZERNIAK, Assistant Director, ODOC,
M. MAX WILLIAMS II, Director, ODOC,

          Defendants.

COMPLAINT Page 1 of 19

21846

## I. Introduction.

Plaintiff Robert Haden King, Jr. brings this Complaint against officials of the Oregon Department of Corrections, and alleges as follows:

## II. Nature of Action.

### 1.

Plaintiff brings this action under 42 U.S.C. § 1983 and the Oregon Constitution and common law for declaratory relief, injunctive relief, and other equitable relief, compensatory and punitive damages and attorney fees arising from the deprivation of Plaintiff's civil rights by Defendants under color of state law at the Snake River Correctional Institution ("SRCI") located in Ontario, Oregon.

## III. Parties and Jurisdiction.

### 2.

Plaintiff is a citizen of the State of Oregon and currently resides at the Oregon State Penitentiary, located in the City of Salem in Marion County, Oregon.

### 3.

Defendants are current or former officials of the Oregon Department of Corrections ("ODOC") with responsibility over prison administration in the State of Oregon.

### 4.

Defendant Joe E. Capps ("Defendant Capps") is an Inspector III at SRCI. Defendant Capps is directly responsible for the deprivation of Plaintiff's rights because he wrote the Misconduct Report that initiated the unlawful disciplinary charge against Plaintiff.

5.

Defendant Ron Myers ("Defendant Myers") is a Hearings Officer at SRCI. He has

responsibility for hearing and deciding charges of violation of ODOC disciplinary rules, and for

imposing sanctions for violation of ODOC disciplinary rules. Defendant Myers is directly

responsible for the deprivation of Plaintiff's rights because he conducted the hearings on the

unlawful disciplinary charge and stated that he (Defendant Myers) felt that Plaintiff was guilty

and that he (Plaintiff) could not write the content in a letter in outgoing mail as he did and as he

(Plaintiff) had been issued a Major Misconduct Report in Case #0607-M118-M05.

6.

Defendant Wade Scrogham ("Defendant Scrogham") is a Hearings Administrator for

ODOC.  Defendant Scrogham has responsibility over the operation and administration of the

hearings process for ODOC.  Defendant Scrogham was specifically placed on notice of the

deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

7.

Defendant Randy Everitt ("Defendant Everitt") is a Investigations Administrator for

ODOC.  Defendant Everitt has responsibility over the operation and administration of the

investigations process for ODOC.  Defendant Everitt was specifically placed on notice of the

deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

8.

Defendant K. Stevens ("Defendant Stevens") is a Mailroom Supervisor at SRCI.

Defendant Stevens has responsibility over the operation of the Mailroom at SRCI.  Defendant

Stevens is directly responsible for the deprivation of Plaintiff's rights due to her involvement in

COMPLAINT Page 3 of  19

the investigation of the unlawful disciplinary charge. Defendant Stevens was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

9.

Defendant T. Hicks ("Defendant Hicks") is a Grievance Coordinator at SRCI. Defendant Hicks has responsibility over the operation of the grievance process at SRCI. Defendant Hicks was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

10.

Defendant J.R. Smith ("Defendant Smith") is the ASU Captain at SRCI. Defendant Smith has responsibility over the operation and administration of the Administrative Segregation Unit ("ASU") at SRCI. Defendant Smith was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

11.

Defendant R. Real ("Defendant Real") is the ASU Lieutenant at SRCI. Defendant Real has responsibility over the operation and administration of the ASU at SRCI. Defendant Real was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

12.

Defendant Al Hannon ("Defendant Hannon") is the Security Manager at SRCI. Defendant Hannon had responsibility over the operation and administration of the entire institution at SRCI. Defendant Hannon was specifically placed on notice of the deprivation of

Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

13.

Defendant Bill Doman ("Defendant Doman") is the Supervising Executive Assistant at SRCI. Defendant Doman responsibility over the operation and administration of the entire institution at SRCI. Defendant Hill was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

14.

Defendant Jamie Miller ("Defendant Miller") is an Assistant Superintendent at SRCI. Defendant Miller had responsibility over the operation and administration of the entire institution at SRCI. Defendant Miller was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

15.

Defendant Mark Nooth ("Defendant Nooth") was an Assistant Superintendent at SRCI. Defendant Nooth had responsibility over the operation and administration of the entire institution at SRCI. Defendant Nooth was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

16.

Defendant Steve Franke ("Defendant Franke") is the Assistant Superintendent of Security at SRCI. He has responsibility over the operation and administration of the entire institution at SRCI. Defendant Franke was the acting Functional Unit Manager of SRCI in July and August of 2006, and as such had responsibility for reviewing findings of violations of ODOC disciplinary rules and sanctions imposed for violations of ODOC disciplinary rules. Defendant Franke is

directly responsible for the deprivation of Plaintiff's rights due to his involvement in the unlawful disciplinary charge. Defendant Franke was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

17.

Defendant Jean Hill ("Defendant Hill") was the Superintendent of SRCI. Defendant Hill had responsibility over the operation and administration of the entire institution at SRCI. Defendant Hill was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

18.

Defendant Rebecca Prinslow ("Defendant Prinslow") was the Inspector General of ODOC. Defendant Prinslow had responsibility over the entire discipline and hearings process. Defendant Prinslow is directly responsible for the deprivation of Plaintiff's rights due to her involvement in the unlawful disciplinary charge. Defendant Prinslow was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

19.

Defendant Joan Palmateer ("Defendant Palmateer") is the Administrator of Institutions of ODOC. Defendant Palmateer has responsibility over the operation and administration of the entire prison system in the state of Oregon. Defendant Palmateer was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

20.

Defendant Stan Czerniak ("Defendant Czerniak") is the Assistant Director of ODOC. Defendant Czerniak has responsibility over the operation and administration of the entire prison system in the state of Oregon. Defendant Czerniak was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

21.

Defendant M. Max Williams II ("Defendant Williams") is the Director of ODOC. Defendant Williams has responsibility over the operation and administration of the entire prison system in the state of Oregon. Defendant Williams was specifically placed on notice of the deprivation of Plaintiff's rights, and had authority to remedy said deprivation, yet failed to do so.

22.

Each Defendant acted under color of state law and is responsible for the deprivation of Plaintiff's clearly established rights. A reasonable official in the position of any Defendant would have been aware that he or she was depriving Plaintiff of his clearly established rights. Defendants are sued in both their individual and official capacities.

23.

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

24.

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and one or more Defendants resides in this District.

## IV. <u>Factual Background</u>.

25.

On July 11, 2006, at approximately 9:30 p.m., Mountain Time, Plaintiff attempted to mail a constitutionally protected letter, authorized by ODOC policy, out of SRCI, by placing a handwritten, addressed 10" x 13" postage-paid, pre-stamped sealed manila envelope, with a seven-page handwritten letter inside the envelope, into the prison's outgoing mail box, into the official ODOC, SRCI ASU mailbox. The outgoing mail letter was addressed to Michelle D. Pettit, c/o P.O. Box 7552, Boise, Idaho 83707.

26.

The envelope used to mail the letter, the paper to write the letter on, the ink pen to write the letter with, and the postage to mail the letter and envelope with, were all purchased on the SRCI Canteen, and paid for by Plaintiff.

27.

On July 12, 2006, Defendant Capps unconstitutionally, wrongfully, illegally, and against ODOC policy, wrote and issued Plaintiff a wrongful and unconstitutional Major Misconduct Report, CD 293D (11/95), Case #0607-M118-M05, for an alleged Major Rule Violation of 2D, Disrespect I (OAR 219-105-0015(2)(d).

28.

The Major Misconduct Report was based on the language contained in a sealed letter that was in the outgoing mail, addressed to a non-felon person living outside the prison, in the free world.

29.

The Major Misconduct Report was inconsistent with ODOC Policies and violated

Plaintiff's clearly established legal rights to correspond with persons outside the prison, as

protected by the First Amendment to the United States Constitution, as described in *Procunier v.*

*Martinez,* 416 U.S. 396, 94 S.Ct. 1800 (1974) and *Loggins v. Delo,* 999 F.2d 364 (8th Cir. 1993).

30.

Between July 12, 2006 and August 15, 2006, Plaintiff wrote to many ODOC employees

as well as the Oregon Attorney General's Office attempting to have Case #0607-M118-M05

dismissed, withdrawn and expunged from all records.

31.

The first Major Misconduct Hearing was held in the morning of July 21, 2006 before

Hearings Officer Ron Myers. At that hearing, Plaintiff produced several documents, two of

which were copies of *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800 (1974) and *Loggins v.*

*Delo,* 999 F.2d 364 (8th Cir. 1993), and made a brief statement that the infraction was

unconstitutional and that the letter that was in the outgoing mail was protected by the First

Amendment to the United States Constitution.  Plaintiff pointed out a specific passage in

*Procunier v. Martinez* that specifically pertains to outgoing mail and stated that, based on the

Court's ruling in *Procunier v. Martinez,* ODOC could not punish Plaintiff for the content in his

outgoing mail as in the infraction dated July 12, 2006.  Hearings Officer Myers called a recess in

the hearing until later in the day on July 21, 2006 so that he (Hearings Officer Myers) could read

the cases and evidence Plaintiff had presented in the Major Misconduct Hearing in the morning

of July 21, 2006.  The proof of these statements are in the SRCI Major Misconduct Hearings

COMPLAINT Page 9 of  19

Files and Tapes #06-129-B072 and #06-139-B-161 in Case #0607-M118-M05.

32.

At approximately 2:00 p.m. on July 21, 2006, Plaintiff was taken back before Hearings

Officer Myers to resume the hearing in Case #0607-M118-M05. At that time, Hearings Officer

Myers stated on the record that he needed more time to digest the materials and more time to

interpret, read and understand what the cases said in regard to the case before him.

33.

Plaintiff clearly explained what the *Procunier v. Martinez* and *Loggins* cases said in

regard to the case before him. After clearly and adequately explaining to Hearings Officer Myers

the unconstitutional nature of the charges before the Hearings Officer, Hearings Officer Myers

made a statement to Plaintiff to the effect that he (Hearings Officer Myers) felt that Plaintiff was

guilty and that he (Plaintiff) could not write the content in a letter in outgoing mail as he did, and

as he (Plaintiff) had been issued a Major Misconduct Report in Case #0607-M118-M05. At that

time in the afternoon of July 21, 2006, Hearings Officer Myers postponed the Major Misconduct

Hearing in Case #0607-M118-M05 again until further notice so that he could do further research

in the case.

34.

At this point, Plaintiff realized that he was facing an ODOC red star chamber hearing, and

that the Hearings Officer clearly did not understand the cases of *Procunier v. Martinez* and

*Loggins v. Delo*, nor what Plaintiff had said when he had clearly and adequately stated to him

when he explained the law and cases regarding the case before him. Plaintiff had to take

immediate legal action to protect his good conduct record and to avoid being removed from the

status he had earned within the Oregon Department of Corrections as a model inmate, model

prisoner, good conduct inmate, who as an inmate at present was and is in full compliance with all

ODOC policies and rules and who has scored as good as possible on the ODOC Classification

Scoring Form.  Therefore, it was legally and lawfully necessary at that point in time, in the

afternoon of July 21, 2006, for Plaintiff to start a process of notifying as many ODOC employees

and Oregon Attorney General Staff as possible as to this potential travesty of injustice that

Plaintiff reasonably believed was about to take place.  It was necessary for Plaintiff to defend

himself and his model prisoner, good conduct inmate status and to avoid being removed from the

status he had earned within the Oregon Department of Corrections.  Plaintiff had to contact

several lawyers, all to protect himself from the unconstitutional persecution that was taking place

against him.

35.

On August 15, 2006, Hearings Officer Myers issued a "Findings of Fact, Conclusions,

and Order" in Case #0607-M118-M05, and found <u>No Violation</u> for Rule 2D, Disrespect I.

36.

On August 28, 2006, the Assistant Superintendent of Security at SRCI, Mr. S. Franke,

acting for and as the Functional Unit Manager at SRCI, approved the Final Order dismissing all

charges against Plaintiff in Case #0607-M118-M05.

37.

Between the dates of July 12, 2006 and August 14, 2006, and before the dismissal of the

case on August 15, 2006, Plaintiff tried unsuccessfully to have the Major Misconduct Report in

Case #0607-M118-M05 dismissed, withdrawn, and expunged from all ODOC records based on

the unconstitutional nature of the original Major Misconduct Report in Case #0607-M118-M05.

38.

After the finding of <u>No Violation</u> on August 15, 2006, Plaintiff continued trying (unsuccessfully) to have this Major Misconduct Report in Case #0607-M118-M05 expunged from all ODOC records based on the unconstitutional nature of the original Major Misconduct Report in Case #0607-M118-M05.

39.

Plaintiff did nothing wrong and broke no rules whatsoever.  The Major Misconduct Report was dismissed with prejudice and a finding of <u>No Violation</u> was returned by the Hearings Officer.  Yet still ODOC staff will not expunge this unconstitutional matter from Plaintiff's record.

40.

Between July 12, 2006 and November 12, 2006, Plaintiff wrote to all of the named Defendants, all in an effort to have the infraction totally dismissed, withdrawn and expunged from all ODOC records based on the unconstitutional nature of the infraction that had been written and dismissed, spending hundreds of dollars in total to have the unconstitutional infraction dismissed, withdrawn and expunged from all ODOC records as it should be, and as Plaintiff now asks the Court to order.  Plaintiff sent all these materials in an honest effort to attempt to convince ODOC and SRCI staff to dismiss, withdraw and expunge Case #0607-M118-M05 and expunge it from Plaintiff's record.

41.

After the infraction was dismissed on August 15, 2006, Defendant Doman stated that he had instructed the SRCI Mail Processing Center (MPC) Staff in the correct, legal and constitutional standards involved with outgoing mail.  Defendant Doman further stated that he had recently instructed the SRCI MPC staff in the expectations on outgoing mail and that he relayed these constitutional expectations to the SRCI MPC staff.

42.

On August 22, 2006, Defendant Scrogham stated that he would not order the dismissed infraction, and all related records, expunged from all SRCI and ODOC records.

43.

On October 6, 2006, Defendant Nooth signed a letter for Defendant Hill stating in effect that ODOC considered Plaintiff's request for the record to be expunged was being denied and the unconstitutional matter would not be expunged from the ODOC records and that ODOC and SRCI now considered this matter to be over and the entire issue and request for the record to be expunged was closed.  Defendant Nooth, speaking for Defendant Hill, further stated in the letter of October 6, 2006 that ODOC had no mechanism to "expunge" the unconstitutional disciplinary matter and records in Plaintiff's Case #0607-M118-M05.

44.

Plaintiff has fully and properly exhausted all administrative remedies available to him prior to bringing this action.

45.

Plaintiff gave notice of this claim to the office of the Director of the Oregon Department of Administrative Services within 180 days after the deprivation of Plaintiff's rights by Defendants.

## V. Legal Claims.

### First Claim for Relief:

46.

Plaintiff incorporates by reference all preceding averments as if fully set forth herein.

47.

Defendants violated Plaintiff's rights to freedom of speech and expression, under Article I, Section 8 of the Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution.

48.

There was never any evidence that Plaintiff violated any ODOC rule, as read in light of Article I, Section 8 of th Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution.

49.

The Misconduct Report on its face shows that Plaintiff did not violate any ODOC rule, as read in light of Article I, Section 8 of th Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution.  Plaintiff was deprived of his liberty and property based on a Misconduct Report which showed that Plaintiff had not violated the rules alleged, in violation of Due Process of Law.

50.

The evidence presented at the disciplinary hearing showed that Plaintiff did not commit

the rule violations alleged.  Neither the Misconduct Report nor anything else in the record

contained any evidence that Plaintiff engaged in any voluntary conduct that would constitute a

violation of any ODOC rule, as read in light of Article I, Section 8 of th Oregon Constitution and

the First and Fourteenth Amendments to the United States Constitution.  By subjecting Plaintiff

to disciplinary proceedings without any evidence of voluntary conduct on Plaintiff's part in

violation of ODOC Disciplinary Rules, Defendants deprived Plaintiff of his liberty and property

without Due Process of Law.

51.

Plaintiff has a Due Process liberty interest to expect that ODOC will follow its own rules,

and the failure to follow ODOC rules deprived Plaintiff of his liberty and property without Due

Process of Law.

52.

Other inmates who do not violate ODOC rules are not subjected to disciplinary

proceedings.  By treating Plaintiff more severely than inmates who have not engaged in any

misconduct, without any rational basis to support such disparate treatment, Defendants denied

Plaintiff Equal Protection of the Laws and engaged in arbitrary and capricious governmental

action, thereby depriving Plaintiff of his liberty without Due Process of Law, in violation of the

14th Amendment to the United States Constitution.

53.

By illegally subjecting Plaintiff to disciplinary proceedings when Plaintiff had not

violated any rule, Defendants subjected Plaintiff to Cruel and Unusual Punishment in violation of the 8th Amendment to the United States Constitution, made applicable to the States through the 14th Amendment to the United States Constitution.

<strong>Damages:</strong>

54.

The disciplinary proceedings against Plaintiff violated Plaintiff's procedural and substantive liberty interests under the Oregon and United States Constitution.

55.

The illegal Misconduct Report and related records and proceedings are causing and continue to cause Plaintiff serious and tangible harm due to the collateral consequences associated with a Major (Level I) Rule Violation.  Plaintiff is suffering and will continue to suffer other detrimental consequences as a result of the illegal Misconduct Report.

56.

These collateral consequences are particularly severe for Plaintiff because Plaintiff has earned a status as a model good conduct inmate by remaining free of disciplinary violations for a significant period of time, and because the actual time that Plaintiff will be required to serve in prison will be determined by the Parole Board. In addition, Plaintiff will in all likelihood be required to undergo a Psychological Evaluation to be presented to the Parole Board prior to the Parole Board determining his release date.  One of the factors relied upon by the professional performing the Psychological Evaluation and by the Parole Board in making a release decision is Plaintiff's conduct within the institution, specifically focusing on any reports of disciplinary rule violations. Prior to the illegal Misconduct Report by Defendant Capps, Plaintiff had a favorable

COMPLAINT Page 16 of  19

history of conduct within the institution, having remained free of disciplinary violations for several years. Unless completely expunged from Plaintiff's record, the illegal Major Rule Violation Misconduct Report by Inspector Capps will have a seriously detrimental effect on the Psychological Evaluation and the Parole Board's release decision, and significantly impair Plaintiff's chances of being released on parole.

57.

Defendants acted with malice and showed a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to Plaintiff's health, safety, and welfare. The Court should impose punitive damages against Defendants in an amount equal to Plaintiff's actual damages.

58.

Plaintiff is entitled to reasonable attorney fees, expert witness fees, and other litigation expenses under 42 U.S.C. § 1988.

* * * * * * * * * * * * * * *

**Prayer for Relief:**

**WHEREFORE,** Plaintiff prays for Judgment in his favor, and against Defendants, jointly and severally, as follows:

1.      Adjudicating and declaring that Defendants have deprived Plaintiff of his rights under color of state law;

2.      Permanently enjoining and prohibiting Defendants and their successors, officers, agents, and employees from continuing to engage in the unlawful practices alleged herein, and requiring Defendants and their successors, officers, agents, and employees to take such measures

as are necessary to ensure that such practices do not recur;

  3.  Vacating the fine and other disciplinary sanctions imposed upon Plaintiff;

  4.  Ordering that any and all references concerning the unlawful Misconduct Report be expunged from all records, electronic or otherwise, including Plaintiff's Group Living Card, and restoring Plaintiff to the same condition (including custody rating, housing assignment, employment, incentive levels, and parole consideration) that Plaintiff would enjoy but for the illegal Misconduct Report;

  5.  Permanently enjoining and prohibiting Defendants from taking any adverse action against Plaintiff as a result of Plaintiff having brought this action to bring the violation of Plaintiff's rights to the attention of the Court;

  6.  Awarding Plaintiff such other equitable remedies as necessary to provide full relief and protection from the unlawful practices of Defendants;

  7.  Awarding Plaintiff compensatory damages in an amount to be proven at trial, including $1,500.00 a day from the date of the illegal Misconduct Report until Plaintiff is restored to the same condition that Plaintiff would have enjoyed but for the illegal Misconduct Report;

  8.  Imposing punitive damages against Defendants in a like amount;

  9.  Awarding Plaintiff his reasonable attorney fees, expert witness fees, and other litigation expenses;

  10.  Retaining jurisdiction to ensure that Defendants fully comply with any equitable relief ordered; and

11.    Awarding Plaintiff such other legal and equitable relief as the Court may deem appropriate in the interests of justice.

## Demand for Jury Trial

Plaintiff demands a jury trial of all issues triable by a jury.

Dated this _15_ day of June, 2008.

Charles M. Simmons, OSB #02455
Stunz, Fonda, Kiyuna & Horton, LLP
40 South Oregon Street
Ontario, OR 97914
E-mail: cmsimmonsatty@yahoo.com
Telephone: (541) 881-0477
Facsimile: (541) 881-0479
        Attorney for Plaintiff