HARDY MYERS
Attorney General
JACQUELINE SADKER #06497
Assistant Attorney General
KRISTIN A. WINGES #06552
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email: Jacqueline.Sadker@doj.state.or.us
    Kristin.A.Winges@doj.state.or.us

Attorneys for Defendants Joe Capps, Ron Myers, Al Hannon, Jamie Miller, Mark Nooth, Steve Franke, Rebecca Prinslow, Joan Palmateer, Stan Czerniak and Max Williams

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT HADEN KING, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOE E. CAPPS, et al., <br><br> Defendants. | Case No. 08-6195-TC <br><br> MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS |

## INTRODUCTION

Plaintiff alleges that Defendants violated his constitutional rights when they issued a misconduct report for a mail issue and held a hearing in which that misconduct report was dismissed with no sanction. He attempts to bring this claims as 1) a violation of due process, 2) a violation of equal protection, and 3) a violation of his Eighth Amendment right protecting him from cruel and unusual punishment. Plaintiff has failed to show how he may have been

Page 1 - MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS
JS/gcz/1084022-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

injured by defendants' actions, and thus he has failed to state a claim. Defendants therefore move to dismiss his complaint pursuant to FRCP 12b(6).

## FACTS

Plaintiff alleges that he received a misconduct report for Disrespect I related to a mail issue. *See Complaint*, ¶27. Hearings were held, and the hearings officer dismissed the charges against Plaintiff. *Id.* at ¶31-35. As the report was dismissed, Plaintiff received no sanction and his record would not show a violation from that matter.

## ARGUMENT

### I. Plaintiff does not have a valid First Amendment claim because he suffered no injury.

Plaintiff does not articulate a basis for his First Amendment action, instead simply stating that Defendants violated his rights to freedom of speech and expression. *See Complaint*, ¶ 46-47. It is clear, however, that Plaintiff suffered no adverse action, and thus he does not state a claim.

Plaintiff's complaint makes it clear that although a misconduct report was issued, it was dismissed without any sanction. *See Complaint*, ¶ 39. When a report is dismissed, it does not appear on an inmate's record. OAR 291-105-0028(a) provides "(a) No Violation: The hearings officer may find that the inmate did not commit the violation(s) charged, in which case the inmate may be restored to similar status and privileges as before he/she was charged, as allowed by other rules, policies, etc." OAR 291-105-0028(14) provides "If no violation is found or all of the alleged charges are dismissed on the misconduct report(s), the report(s) shall not be placed in the inmate's file, but may be retained for statistical or litigation purposes in the Hearings Section records." Plaintiff cannot show that the dismissed misconduct report will injure him in any manner, and thus he has no valid constitutional claim. His assertions that he had to seek legal help to defend himself do not create an injury that would support a §1983 claim.

Page 2 - MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS
JS/gcz/1084022-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

## II. Plaintiff was not deprived of a liberty or property interest.

Plaintiff states that he has been deprived of liberty and property interests. *See Complaint*, ¶ 49. "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of due process." *Portman v. County of Santa Clara*, 995 F2d 898, 904 (9th Cir. 1993) *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001). To establish a due process violation, plaintiff must first prove a deprivation of a constitutionally protected right. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). He has alleged nothing that shows any property was taken from him in any manner. His allegations that the Defendants' handling of the misconduct report deprived him of a liberty interest also must fail. Plaintiff has not articulated what valid liberty or property interest might be implicated when a misconduct report is dismissed after a hearing.

To properly allege a procedural due process claim, an inmate must demonstrate that "the confinement or restraint creates an atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 483, 484 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by the court." *Sandin*, 515 U.S. at 485. Although "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483 (citations omitted). Nothing in plaintiff's Complaint alleges an imposition of atypical or significant hardship as a result of the disciplinary hearing.

Plaintiff has no liberty interest in ODOC following its own rules. *See Complaint*, ¶ 51. Although Plaintiff alleges that he is somehow injured by ODOC's alleged failure to follow its own rules, those arguments are irrelevant to determine whether a constitutional violation

Page 3 - MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS
JS/gcz/1084022-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

occurred. "[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny.'" *Barton v. City of Portland*, 242 F. Supp. 2d 893, 904 (D. Or. 2002) (quoting *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994)).

Plaintiff has not set forth any evidence supporting his allegations that the procedures were improper. More importantly, plaintiff was provided the full opportunity to raise these issues during the administrative hearings process, which in itself satisfies the requirements of due process. *See Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974). Plaintiff's allegations seem to relate to the issuance of and sufficiency of evidence supporting his misconduct reports. Plaintiff has no due process right to misconduct reports processed in a certain fashion or even based on sufficient evidence. The purpose of the misconduct report is to provide plaintiff with notice of the charged offense so that he may have an opportunity to defend himself against the allegations in an administrative hearing. *See* OAR 291-105-0021(2). Plaintiff had a full opportunity to respond to these allegations at his administrative hearings, and in fact at those hearings the violation was dismissed.

### III. Plaintiff has not plead a valid Equal Protection claim.

Plaintiff claims that Defendants violated his right to equal protection. *See Complaint*, ¶ 52. Plaintiff's equal protection claims fail because he does not allege that he was a member of a protected class, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and/or that he was treated differently than others similarly situated, *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

Where, as here, state action does not implicate a fundamental right or a suspect classification, plaintiff must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To properly allege this claim, plaintiff must identify a similarly situated inmate, that is, an inmate who engaged in the same behavior and

Page 4 - MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS
JS/gcz/1084022-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

received irrationally different treatment. Plaintiff has not done so, instead making a simple statement that he is treated more severely than inmates who do not violate the rules, *See Complaint* ¶ 52, and this claim must fail.

### IV.     Plaintiff's Eighth Amendment Rights were not violated.

Plaintiff alleges that Defendants actions in issuing a misconduct report and holding hearings in which the report is dismissed constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Complaint,* ¶53. Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A viable Eighth Amendment claim requires an objective proof of harm. *Id.* at 298; *see also Cummings v. Malone,* 995 F.2d 817, 822-23 (8th Cir. 1993) ("[A]ctual injury is required to state an Eighth Amendment violation."). Plaintiff does not allege that he sustained any specific injury, but rather that subjecting him to disciplinary proceedings "when he had not violated any rule" itself constituted cruel and unusual punishment. *See Complaint*, ¶ 53. This is insufficient to support an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992) (to state an Eighth Amendment claim the harm inflicted must be more than *de minimis)*.

### V.     Plaintiff cannot raise claims under the Oregon Constitution.

Plaintiff's claims are brought, at least in part, under the Oregon Constitution. *See Complaint* ¶ 47-50. There is no authority under Oregon law for bringing a private right of action directly under the Oregon Constitution, and these claims must be dismissed as a matter of law.

The Oregon Supreme Court spoke directly to this issue in *Hunter v. City of Eugene*, 309 Or. 298 (1990). In that case, striking teachers sought recovery in federal court for violation of free speech rights by the city. They sued directly under Article I, § 8 of the Oregon Constitution. The city moved to dismiss for failure to state a claim, asserting that the provision does not provide for a private right of action for damages. The federal court certified the question to the Oregon Supreme Court, which held that: "persons whose rights under Article I, Section 8, of the Oregon Constitution are violated by a municipality or its employees may not bring an action for

Page 5 -   MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS
           JS/gcz/1084022-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

damages against the municipality or its employees directly under the constitution, but will be limited to existing common-law, equitable, and statutory remedies." 309 Or. at 302-304 (italic emphasis in the original).

*Hunter* was reaffirmed unequivocally in *Barcik v. Kubiaczyk*, 321 Or. 174, 190, 895 P.2d 765 (source of the bracketed reference to § 1983 in cited paragraph 3). The fact that *Hunter* addressed the actions of a city instead of a state makes no meaningful difference. The court referred generally to the "state," the Oregon Tort Claims Act, and to "governmental violations." The Oregon Supreme Court has made no distinction between states and municipalities when adjudicating remedies clause disputes. *See Hale v. Port of Portland*, 308 Or. 508 at 513 (1989).

Plaintiff therefore has no claim for economic damages directly under the Oregon Constitution against any defendants, and any such claims should be dismissed with prejudice.

## VI. Defendants are entitled to Qualified Immunity.

Defendants maintain they are qualifiedly immune from liability in damages because they did not violate Plaintiff's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Act Up/Portland v. Bagley*, 988 F.2d 868 (9th Cir. 1993). An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Applying the *Anderson* test, the Ninth Circuit articulated a two-part analysis for determining officials' qualified immunity: "(1) Was the law governing the official's conduct clearly established? (2) Under that law, could a reasonable officer have believed the conduct was lawful?" *Neely v. Feinstein*, 50 F.3d 1502, 1507 (9th Cir. 1995) (citing *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871).

Qualified immunity is immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in

Page 6 -   MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS
JS/gcz/1084022-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

litigation. *See, e.g., Hunter v. Bryant*, 502 U.S. 224, 227 (*per curiam*); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Courts are first required to decide whether a constitutional right would be violated if all facts are viewed in favor of the party opposing summary judgment. *Saucier*, 533 U.S. at 201. Thus, if the court determines that no constitutional right would have been violated, then there is no necessity for further qualified immunity analysis. *Id.* As explained above, no constitutional right was violated here. Even if the facts at issue give rise to a constitutional right, a reasonable prison official would certainly believe that a thorough hearing process undertaken in accordance with the Oregon Administrative Rules that in fact resulted in the dismissal of the misconduct report, was lawful. *See Neely*, 50 F.3d at 1507 (9th Cir. 1995).

## CONCLUSION

Plaintiff's allegations surround a misconduct report that was dismissed after a hearing. He has not and cannot allege that Defendants did anything that caused injury to him under 42 U.S.C. §1983. Thus, his complaint fails to state a claim for which relief can be granted, and the Court should dismiss it under FRCP 12b(6).

DATED this 24 day of October, 2008.

Respectfully submitted,

HARDY MYERS
Attorney General

JACQUELINE SADKER #064979
KRISTIN A. WINGES #065526
Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4794
Jacqueline.Sadker@doj.state.or.us
Kristin.A.Winges@doj.state.or.us
Of Attorneys for Defendants

Page 7 - MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS
JS/gcz/1084022-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

## CERTIFICATE OF SERVICE

I certify that on October 24, 2008, I served the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' FRCP 12B(6) MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

Charles M. Simmons  
Stunz Fonda Kiyuna et al  
106 Main St  
PO Box 1565  
Nyssa OR  97913

___ HAND DELIVERY  
___ MAIL DELIVERY  
___ OVERNIGHT MAIL  
___ TELECOPY (FAX)  
___ E-MAIL  
_X_ E-FILE

JACQUELINE SADKER #06497  
Assistant Attorney General  
KRISTIN A. WINGES #06552  
Assistant Attorney General  
Trial Attorneys  
Tel (503) 947-4700  
Fax (503) 947-4794  
Jacqueline.Sadker@doj.state.or.us  
Kristin.A.Winges@doj.state.or.us  
Of Attorneys for State Defendants

Page 1 -   CERTIFICATE OF SERVICE  
JS/gcz/1047074