FILED '09 JAN 16 12:06 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT HADEN KING, JR.,

        Plaintiff,        Civil No. 08-6195-TC

        v.        FINDINGS AND RECOMMENDATION

JOE E. CAPPS, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by issuing him a misconduct report and subjecting him to a disciplinary hearing. Defendants now move to dismiss (#10).

1 - FINDINGS AND RECOMMENDATION

The relevant facts are as follows: Plaintiff alleges that he was issued a misconduct report for "an alleged Major Rule Violation of 2D Disrespect I" based on the contents of a letter he wrote and deposited in the Snake River Correctional Institution outgoing mail box. Complaint (#1) p. 8.

A disciplinary hearing was held on July 21, 2006, and on August 15, 2006, the hearings officer issued a Finding of Fact, Conclusion and Order finding "No Violation." On August 28, 2006, the Functional Unit Manager approved the Final Order dismissing all charges against plaintiff. Id. p. 10-11. No sanction was imposed.

Plaintiff attempted to have the misconduct report "dismissed, withdrawn and expunged from all ODOC records" and his requests were denied. Plaintiff alleges that he was informed that ODOC "had no mechanism to 'expunge' the unconstitutional disciplinary matter and records." Complaint (#1) p. 11-13.

Plaintiff alleges that defendants violated his "rights to freedom of speech and expression, under Article I, section 8 of the Oregon Constitution and the First and Fourteenth Amendment s to the United States Constitution." Complaint (#1) p. 14.

2 - FINDINGS AND RECOMMENDATION

Plaintiff further alleges that he was "deprived of his liberty and property ... in violation of Due Process of Law, Complaint (#1) p. 14-15, and that defendants "subjected Plaintiff to Cruel and Unusual Punishment in violation of the Eighth Amendment." Id., p. 16.

Plaintiff does not allege that defendants refused to send, destroyed, confiscated or returned plaintiff's letter. The letter plaintiff posted was apparently sent. Plaintiff's claim is based on the allegation that he was issued a misconduct report and subjected to a disciplinary proceeding based on the contents of the letter.

However, plaintiff's complaint clearly indicates that although a misconduct report was issued, it was dismissed without any sanction. If a misconduct report is dismissed, it does not appear on an inmate's record. See, OAR 291-105-0028(a). Although a dismissed misconduct report may be retained for "statistical or litigation purposes," see OAR 291-105-0028(14), it cannot not prejudice plaintiff in future parole board hearings as suggested by plaintiff.

Plaintiff has not alleged any facts that would establish he was harmed or injured or suffered any adverse action as a result of the dismissed misconduct report, and therefore

3 - FINDINGS AND RECOMMENDATION

plaintiff's allegations of a First Amendment violation fail to state a claim.

The constitutional procedural due process requirements relevant to prison disciplinary proceedings are set forth in Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974). Plaintiff has not alleged that he was not afforded the process required by Wolff.

Plaintiff's due process claim appears to be based on the allegation that the misconduct report did not contain sufficient evidence that plaintiff violated an ODOC rule. See, Complaint (#1) p. 15. However, plaintiff has not identified any constitutional due process right to a particular level of probable cause or sufficiency of evidence to support the issuance of a misconduct report. The purpose of a misconduct report is to provide prisoners with notice of a charged offense so that they may defend against the allegations at an administrative hearing. OAR 291-105-0021(2).

"As long as an inmate charged with misconduct has been afforded the procedural due process protections required by the Supreme Court's decision in Wolff v. McDonnell ... an allegation that he was falsely accused does not state a claim for violation of his constitutional rights, at least where, as

4 - FINDINGS AND RECOMMENDATION

here, the false charges are not alleged to have been filed in retaliation for the inmate's exercise of constitutional rights. [citations omitted]." MacLean v. Secor, 876 F. Supp. 695, 699 (E.D. Pa. 1995). Plaintiff in this case does not allege that the misconduct report was retaliatory.

A 42 U.S.C. claim based on an alleged procedural due process violation must allege the deprivation of a constitutionally protected liberty or property interest.

Plaintiff has not alleged that he was deprived of any property in connection with the misconduct report or disciplinary proceeding.

To establish the deprivation of a constitutionally protected liberty interest, an inmate must demonstrate that the alleged due process violation caused him an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 483, 484 (1995). Plaintiff has alleged no facts that would establish he was subjected to such an atypical and significant hardship as a result of the disciplinary hearing giving rise to his claims in this case.

Plaintiff alleges that defendants violated his right to equal protection by treating him "more severely than inmates

5 - FINDINGS AND RECOMMENDATION

who have not engaged in any misconduct, without any rationale basis to support such disparate treatment." Complaint (#1) p. 15. However, plaintiff has not alleged that he was a member of a protected class, <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194, or alleged any facts that would establish that he was treated differently from others similarly situated, <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985); <u>see also</u>, <u>Willowbrooke v. Olech</u>, 528 U.S. 562, (2000).

The Eighth Amendment proscribes cruel and unusual punishment or punishments which involve the "unnecessary and wanton infliction of pain." <u>Rhods v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976). In order to state a claim under the Eighth Amendment, a prisoner must allege that the prison official's act or omission resulted in the denial of "the minimal civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>see also</u>, <u>Hudson v. McMillian</u>, 503 U.S.1 (1992); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991).

Plaintiff has not alleged any facts that would support an Eighth Amendment claim for the infliction of cruel and unusual punishment.

Plaintiff alleges that his claims are also brought under

6 - FINDINGS AND RECOMMENDATION

the Oregon constitution. However, plaintiff has no private right of action directly under the Oregon constitution. Hunter v. City of Eugene, 309 Or. 298 (1990).

When federal claims are dismissed before trial, the question whether pendent state claims should be dismissed is within the discretion of the district court. 28 U.S.C. § 1367 (c)(3); Arizona v. Cook Paint and Varnish Co., 541 F.2d 226, 227 (9th Cir. 1976), cert. denied, 430 U.S. 915 (1977). Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); Arci v. Varian Associates, Inc.; 114 F.3d 999, 1001 (9th Cir. 1997)., Jones v. Community Redevelopment Agency, 733 F.2d 646, 651 (9th Cir. 1984).

In this case, I find that there are no considerations of "economy, convenience, fairness and comity," Carnegie-Mellon, 484 U.S. at 351, that dictate the exercise of jurisdiction over plaintiff's possible supplemental claims.

Thus, to the extent plaintiff's allegations may state any supplemental claims under Oregon law, I find that any such claim should also be dismissed.

Courts should exercise judicial restraint and interfere

7 - FINDINGS AND RECOMMENDATION

with the operation and discipline of prisons only where there is a clear showing of a violation of a federally guaranteed constitutional right. May v. Baldwin, 109 F.3d 557, 563 (9th Cir. 1997); Gates v. Rowland, 39 F.3d 1439 (9th Cir. 1994); Bell v. Wolfish, 441 U.S. 520, 562 (1979). In this case, plaintiff has not alleged any facts that would establish a constitutional violation.

Based on all of the foregoing, I find that plaintiff's complaint fails to state a claim cognizable under 42 U.S.C. § 1983 and that this court should decline to exercise jurisdiction over any supplemental state claim that may be stated in plaintiff's complaint.

Defendants' Motion to Dismiss (#9) should be allowed. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual

8 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 16th day of January, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge